IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION<br>BUREAU<br>1700 G Street NW<br>Washington, DC 20552<br><br>*Defendant*. | Case No. 19-cv-165 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the Consumer Financial Protection Bureau under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendant

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant Consumer Financial Protection Bureau (CFPB) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). CFPB has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7. On May 14, 2018, American Oversight submitted a FOIA request to CFPB seeking the following records:

> All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between (a) Brian Johnson, Kirtsen Sutton Mork, or Hallee Morgan and (b) any member of the Financial Services Committee of the U.S. House of Representatives or any staff employed by that committee or by the personal office of Representative Jeb Hensarling, Representative Ann Wagner, Representative Blaine Luetkemeyer, Representative Patrick McHenry, or Representative Sean Duffy.

>Please provide all responsive records from November 25, 2017, to the date the search is conducted.

8. CFPB assigned the request tracking number CFPB-2018-0550-F.

9. By letter dated May 15, 2018, CFPB acknowledged receipt of American Oversight's FOIA request. In the same letter, CFPB denied American Oversight's request for a fee waiver.

10. By letter dated May 23, 2018, CFPB demanded an advance payment of $1,288.00 and indicated that it would close the request file unless American Oversight either paid that sum or amended the request within 30 calendar days.

11. On June 11, 2018, American Oversight sent an e-mail to CFPB indicating that it did not consent to CFPB closing the request file during the 90 days following CFPB's denial of American Oversight's request for a fee waiver, because a successful appeal would moot the request for advance payment.

12. On July 6, 2018, American Oversight timely appealed CFPB's denial of its request for a fee waiver.

13. By letter dated August 3, 2018, CFPB granted American Oversight's appeal and remanded the FOIA request to the CFPB FOIA office.

14. American Oversight has received no further communication from CFPB regarding the processing of its FOIA request.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

15. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

16. American Oversight properly requested records within the possession, custody, and control of Defendant.

17. Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

18. Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's request.

19. Defendant's failure to conduct an adequate search for responsive records violates FOIA.

20. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request.

### COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

21. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

22. American Oversight properly requested records within the possession, custody, and control of Defendant.

23. Defendant is an agency subject to FOIA and must therefore release in response to FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

24. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA request.

25. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA request.

26. Defendant's failure to provide all non-exempt responsive records violates FOIA.

27.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully request the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA request;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: January 25, 2019                               Respectfully submitted,

*/s/ Elizabeth France*
Elizabeth France
D.C. Bar No. 999851
John E. Bies
D.C. Bar No. 483730

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 873-1743
beth.france@americanoversight.org
john.bies@americanoversight.org

*Counsel for Plaintiff*